NO. 4-06-0872     Filed 7/31/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| EVELYN GRADY, | ) | Appeal from |
| Plaintiff-Appellant and | ) | Circuit Court of |
| Cross-Appellee, | ) | Champaign County |
| v. | ) | No. 04LM1066 |
| NOELIA MARCHINI, | ) | |
| Defendant-Appellee and | ) | Honorable |
| Cross-Appellant. | ) | Michael Q. Jones, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Evelyn Grady, filed a complaint alleging negligence against defendant, Noelia Marchini, seeking damages in excess of $15,000. Although designated as a law magistrate (LM) case (No. 04-LM-1066), the complaint had no affidavit attached as required by Supreme Court Rule 222(b) (166 Ill. 2d R. 222(b)), stating the damages sought did or did not exceed $50,000. A jury awarded plaintiff $97,700 in damages. On defendant's motion, the trial court reduced the award to $50,000 pursuant to Rule 222(b). Plaintiff appeals. Defendant cross-appeals arguing the court erred in rejecting her challenge to a juror for cause. We affirm.

I. BACKGROUND

On August 3, 2004, plaintiff filed a complaint to recover damages resulting from defendant's alleged negligence in the operation of her automobile. Plaintiff alleged she suffered

lost earnings, suffered temporary and permanent disability, incurred and would continue to incur medical expenses for the treatment of her injuries, and experienced pain and suffering and would continue to experience such pain and suffering in the future.  Plaintiff sought damages in an amount exceeding $15,000. The case was designated as an LM case.

On September 2, 2004, defendant filed her answer. Defendant denied the allegations and requested a jury trial.

On September 20, 2005, the trial court entered a case-management-conference order pursuant to Supreme Court Rule 218 (166 Ill. 2d R. 218).  The case was set for a three-day jury trial in August 2006.

Jury selection began on August 16, 2006.  After the trial court asked if any of the prospective jurors knew any of the litigants, Juror No. 26 (Juror 26) indicated she knew plaintiff.  When asked by one of the attorneys to explain the nature of her acquaintance with plaintiff, Juror 26 stated "[w]e played ball together, and we went to church together, and our kids are related."  The father of plaintiff's daughter is Juror 26's cousin.  When questioned further, she indicated playing ball together meant they played softball together 10 or 15 years ago. Juror 26 indicated she could be fair and impartial.  Defendant's attorney challenged Juror 26 for cause which the court denied. Counsel then exercised defendant's final peremptory challenge on

Juror 26.

Juror No. 7 (Juror 7) was a professor at the Fine Arts College at the University of Illinois. Plaintiff is also employed by the University of Illinois and works at the student academic affairs office at the College of Education. Juror 7 was ultimately included in the jury that heard this case.

A trial was held from August 16 through August 18, 2006. The jury returned a verdict for plaintiff and awarded $97,700 damages.

On August 24, 2006, defendant filed a motion to reduce verdict in which she sought to reduce the judgment to $50,000 pursuant to Supreme Court Rule 222(b) (166 Ill. 2d R. 222(b)). The motion alleged the matter was captioned as an LM file seeking money damages not in excess of $50,000 and the caption was premised on plaintiff's initial pleading. The motion further stated the complaint had no affidavit attached to it; neither did it contain an allegation in or attached to the complaint suggesting the amount of money damages sought did or did not exceed $50,000 as required by Supreme Court Rule 222(b).

On September 8, 2006, plaintiff filed her response to the motion to reduce verdict. Plaintiff alleged (1) her complaint sought in excess of $15,000; (2) defendant treated this case as a case where the simplified discovery rules of Rule 222 did not apply; and (3) even if the complaint stated plaintiff

would not seek damages in excess of $50,000, judgment can be entered in excess of the ad damnum clause after the verdict has been entered.

On September 15, 2006, defendant filed her posttrial motion. Defendant alleged (1) the trial court erred in (a) denying her challenge for cause of Juror 26, (b) giving plaintiff's instruction Nos. 14 and 19, and (2) the amount of the verdict was excessive.

On September 22, 2006, the trial court held a hearing on defendant's motion to reduce verdict and posttrial motion. The court rejected defendant's claim of error as to Juror 26, finding that while the "juror's responses may well have shown that this was a less than ideal juror for the [d]efendant, but by no means, I believe, showed that the juror could not be fair and impartial." The court noted defendant used her final peremptory challenge on Juror 26. The court then rejected the rest of the claims in defendant's posttrial motion. The trial court then granted defendant's motion to reduce judgment to $50,000.

This appeal followed.

## II. ANALYSIS

A. Does Supreme Court Rule 222(b) Require Reduction of Judgment?

The reduction of the amount awarded plaintiff from $97,700 to $50,000 was based on the trial court's interpretation of Supreme Court Rule 222(b). When interpreting a supreme court

rule, we apply the same rules applicable to interpreting statutes. Wright v. Desate, Inc., 292 Ill. App. 3d 952, 954, 686 N.E.2d 1199, 1201 (1997). Accordingly, our review is de novo. People v. Suarez, 224 Ill. 2d 37, 41-42, 862 N.E.2d 977, 979 (2007).

> "'The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994); Kraft, Inc. v. Edgar, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990). The words of a statute are given their plain and commonly understood meanings. Forest City Erectors v. Industrial Comm'n, 264 Ill. App. 3d 436, 439, 636 N.E.2d 969, 972 (1994). Only when the meaning of the enactment is unclear from the statutory language will the court look beyond the language and resort to aids for construction. Solich, 158 Ill. 2d at 81, 630 N.E.2d at 822.'" Panhandle Eastern Pipe Line Co. v. Environmental Protection Agency, 314 Ill. App. 3d 296, 301, 734 N.E.2d 18, 22 (2000), quoting R.L. Polk & Co. v.

Ryan, 296 Ill. App. 3d 132, 139-40, 694 N.E.-2d 1027, 1033-34 (1998).

In Kapsouris v. Rivera, 319 Ill. App. 3d 844, 850, 747 N.E.2d 427, 432 (2001), the Second District stated the following about Rule 222:

"Rule 222 sets forth reforms in the discovery process in the cases it applies to by imposing mandatory disclosure and putting limits on the discovery process. 166 Ill. 2d R. 222, Committee Comments, at cxix. The rule is triggered by the filing of an 'Affidavit re Damages Sought' as set forth in paragraph (b) of the Rule. 166 Ill. 2d R. 222(b), Committee Comments, at cxix."

Supreme Court Rule 222(b) states the following, in pertinent part:

"(b) Affidavit re Damages Sought. Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on such claim which exceeds $50,000 shall be reduced

post-trial <u>to an amount not in excess of</u>

<u>$50,000</u>.  Any such affidavit may be amended

or superseded prior to trial pursuant to

leave of court for good cause shown, and only

if it is clear that no party will suffer any

prejudice as a result of such amendment.  Any

affidavit filed pursuant hereto shall not be

admissible in evidence at trial."  (Emphasis

added.)  166 Ill. 2d R. 222(b).

Plaintiff contends defendant forfeited application of Rule 222(b) by not moving to dismiss the complaint and undertaking discovery and presentation of evidence depositions at trial. Rule 222(f)(3) states no evidence depositions may be taken without leave of court.  Plaintiff contends defendant did not proceed under the limited-discovery provisions of Rule 222 since defendant conducted an evidence deposition without leave of court.  Plaintiff also argues since no affidavit was filed and the complaint sought damages in excess of $15,000, plaintiff was not limited in the damages she could recover.

The language of Rule 222(b) is clear.  A party <u>shall</u> attach his or her affidavit, which states whether the damages sought <u>do or do not</u> exceed $50,000, to the initial pleading.  Any judgment that exceeds $50,000 <u>shall</u> be reduced to $50,000 if the damages sought did not exceed $50,000.  The use of the term

- 7 -

"shall" indicates a mandatory intent. <u>People v. Woodard</u>, 175 Ill. 2d 435, 445, 677 N.E.2d 935, 940 (1997). While we recognize that use of the word "shall" is not fixed or inflexible and that courts sometimes interpret it as directory (<u>Woodard</u>, 175 Ill. 2d at 445, 677 N.E.2d at 940), it has also been stated that "where a word is used in different sections of the same legislative act, there is a presumption that it is used with the same meaning throughout, unless a contrary legislative intent is clearly expressed" (<u>People ex rel. Scott v. Schwulst Building Center, Inc.</u>, 89 Ill. 2d 365, 374, 432 N.E.2d 855, 859 (1982)).

The term "shall" is used three times in Rule 222(b). Once when saying damages in excess of $50,000 <u>shall</u> be reduced to $50,000 and again when stating the affidavit <u>shall</u> not be used as evidence. We conclude "shall" can be read no other way than as mandatory in these two contexts. Thus, the use of "shall" in imposing an obligation on the party to file an affidavit with his or her initial pleading stating whether or not he or she is seeking damages in excess of $50,000 is likewise mandatory. Plaintiff did not file an affidavit saying she was seeking in excess of $50,000. We conclude she is precluded from recovering more than $50,000. Rule 222(b) requires the judgment be reduced to $50,000.

Plaintiff forfeited any objection to the extent of defendant's discovery by not objecting to it at trial.

- 8 -

Plaintiff could have objected to the evidence depositions when scheduled or asked the court to bar the use of the depositions at trial since defendant had not sought leave to take the depositions. Plaintiff did not object and participated in the depositions. Plaintiff cannot now object to the discovery.

We note the complaint sought damages in excess of $15,000 and the case was docketed as an LM case. The "definitions of court case types," which was a supplement to the record, states: "A Law Magistrate case number shall be assigned to *** actions in which the damages are $50,000 or less. The amount of damages contained in the complaint *** determine the category, not the amount of the verdict or judgment." All pleadings had the case designated as an LM case; thus, this was a case seeking damages for $50,000 or less. We note the complaint was designated as an LM case and the "LM" was typed. Thus, plaintiff gave the designation of LM to this case. Accordingly, we find it disingenuous for plaintiff to claim the circuit clerk of Champaign County provided the designation. This conclusion is supported by the fact she sought damages in excess of $15,000 in the complaint and not $50,000, the amount at which this case would have been given a "Law case number."

Finally, we address plaintiff's claim that even if the damages limit of Rule 222(b) is applicable, judgment can be entered in excess of the ad damnum clause. Plaintiff cites the

- 9 -

First District case of <u>Jager v. Libretti</u>, 273 Ill. App. 3d 960, 652 N.E.2d 1120 (1995), as support for this position. When <u>Jager</u> was decided, a different version of Rule 222 was in effect. That version of the rule stated the following, in pertinent part:

> "The trial court will entertain no motion to amend an <u>ad</u> <u>damnum</u> to an amount in excess of $15,000 in any case in which discovery has been limited by this rule, unless it is clear that no party will suffer any prejudice as a result of such an amendment." 134 Ill. 2d R. 222(a).

We agree with the trial court in this case when it stated <u>Jager</u> "was based on a much different Supreme Court Rule which clearly left open the possibility that a damages clause could be amended after judgment versus one which very clearly says, 'The trial court shall reduce post[-]trial.'" The clear language of the present version of Rule 222 requires the trial court to reduce any judgment in excess $50,000 here.

B. Alleged Error In Jury Selection

Defendant argues the trial court erred in denying her challenge to Juror 26 for cause. As a result of this alleged error, defendant was forced to use her final peremptory challenge on Juror 26 and thus had no peremptory challenges to exercise on Juror 7, who was employed by the same employer as plaintiff.

This court has stated we will review the trial court's ruling on a challenge for cause only when an objectionable juror was forced upon a party after it had exhausted its peremptory challenges. Flynn v. Edmonds, 236 Ill. App. 3d 770, 779, 602 N.E.2d 880, 885 (1992). We turn our attention to Juror 7, the allegedly objectionable juror defendant was forced to accept.

Defendant has forfeited any issue with Juror 7. Defendant does not cite, nor have we found, where in the record she challenged Juror 7 for cause or indicated to the court she was being forced to accept an objectionable juror and asked for additional peremptory challenges. See People v. Green, 199 Ill. App. 3d 927, 930, 557 N.E.2d 939, 941 (1990), quoting Spies v. People, 122 Ill. 1, 258, 12 N.E.2d 865, 989 (1887). Moreover, defendant explicitly accepted Juror 7 when stating "we will accept these four" (discussing a panel of four jurors, including Juror 7). Furthermore, defendant has not shown Juror 7 was an objectionable juror. Defendant has raised no issue with Juror 7 other than Juror 7 and plaintiff both work for the University of Illinois. Absent any other record evidence, we will not presume Juror 7 was biased based on defendant's mere suspicion that is based on the fact that Juror 7 worked for the same employer (a very large employer) as plaintiff. See Roach v. Springfield Clinic, 157 Ill. 2d 29, 48, 623 N.E.2d 246, 254-55 (1993) (The burden of showing a juror is biased is on the party challenging

the juror and "[m]ere suspicion of bias or impartiality is not evidence and does not disqualify a juror").  We note defendant does not point to any evidence that shows plaintiff and Juror 7 even knew each other or that Juror 7 was likely biased against defendant.  We reject defendant's request to remand the cause for a new trial based on error in the jury-selection process.

We also note the trial court did not err in rejecting defendant's challenge to Juror 26 for cause.  This court has recognized a "trial court has great discretion in determining whether to grant a challenge to a prospective juror for cause." Marcin v. Kipfer, 117 Ill. App. 3d 1065, 1067, 454 N.E.2d 370, 372 (1983).  A prospective juror's statement under oath that she can lay aside matters that may indicate bias and render a verdict based on the evidence is given great weight.  Lambie v. Schneider, 305 Ill. App. 3d 421, 430, 713 N.E.2d 603, 610 (1999).  The Marcin court noted that an experienced authority on Illinois trial procedure has stated:  "'The trend of authority is to exclude from juries all persons who by reason of their business or social relations, past or present, with either of those parties, could be suspected of possible bias ***.'"  Marcin, 117 Ill. App. 3d at 1068, 454 N.E.2d at 372, quoting R. Hunter, Trial Handbook for Illinois Lawyers §15.14, at 238 (5th ed. 1983). While "the relationship of a prospective juror to a party can be so close that, considering the nature of the case, fairness

requires that the juror be discharged" (<u>Marcin</u>, 117 Ill. App. 3d at 1067, 454 N.E.2d at 372), Illinois courts have rejected the adoption of a <u>per se</u> rule requiring the exclusion of jurors based on their relationships with persons connected to the trial (<u>People v. Boston</u>, 271 Ill. App. 3d 358, 361, 648 N.E.2d 1002, 1005 (1995)).

The burden of showing a juror is biased is on the party challenging the juror and "[m]ere suspicion of bias or impartiality is not evidence and does not disqualify a juror." <u>Roach</u>, 157 Ill. 2d at 48, 623 N.E.2d at 254-55. Defendant has not met her burden with respect to Juror 26. The trial court questioned Juror 26, as did defense counsel. Juror 26 stated her child was related to plaintiff's youngest daughter, she and plaintiff played softball together 10 or 15 years ago, and they attend the same church. Juror 26 stated she could be fair and impartial, and the trial judge believed her. Moreover, as defendant states in her briefs, she used a peremptory challenge to exclude Juror 26 from the jury. Thus, Juror 26 was not even on the jury. "The exercise of a peremptory challenge by means of which a juror is excluded is generally deemed to waive an error committed by the trial court in previously ruling on a challenge of such juror for cause." <u>Laird v. Illinois Central Gulf R.R. Co.</u>, 208 Ill. App. 3d 51, 79, 566 N.E.2d 944, 961 (1991).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, P.J., and MYERSCOUGH, J., concur.