# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Dovalina v. Conley*, 2013 IL App (1st) 103127

---

| | |
|---|---|
| Appellate Court Caption | BRADLEY DOVALINA, Plaintiff-Appellant, v. JOHN P. CONLEY, Defendant-Appellee (Carl Maruaa and Judy Drozd, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-10-3127 |
| Filed | May 3, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The grant of defendant's petition under section 2-1401 of the Code of Civil Procedure to reduce the default judgment obtained by plaintiff to $50,000 due to plaintiff's failure to attach to the complaint an affidavit pursuant to Supreme Court Rule 222(b) that he did or did not seek damages in excess of $50,000 was reversed and the cause was remanded with directions to reinstate the original judgment for $128,101.20, since plaintiff had a reasonable expectation that any judgment would not be capped at $50,000, the complaint gave notice that damages in excess of $50,000 were sought, Rule 222 did not apply, defendant had no reasonable expectation that Rule 222 did apply, and no harm resulted from the absence of the Rule 222 affidavit. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-66019; the Hon. Robert J. Clifford, Judge, presiding. |
| Judgment | Reversed and remanded with instructions. |

Counsel on
Appeal

John E. Partelow, of Law Offices of John E. Partelow, of Chicago, for appellant.

Kevin P. Gosewisch, of Kevin P. Gosewisch P.C., of Chicago, for appellee.

Panel

JUSTICE PALMER delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Bradley Dovalina won a default judgment in his personal injury action against defendant John Conley for $128,101.20. The court reduced the judgment to $50,000 for plaintiff's failure to attach an Illinois Supreme Court Rule 222(b) (eff. July 1, 2006) affidavit of damages to his complaint. Plaintiff argues the court erred in reducing the judgment because (1) Rule 222 did not apply to plaintiff's complaint and case; (2) the court had the authority to enter a judgment in excess of $50,000; (3) the judgment in excess of $50,000 was not void; and (4) defendant's motion to modify the judgment was untimely. We reverse and remand with instructions.

¶ 2                        Background

¶ 3    On March 24, 2006, plaintiff filed a verified three-count personal injury action in the law division of the circuit court of Cook County sixth municipal district against defendant, Carl Maruaa and Judy Drozd. He sought damages "in an amount in excess of $50,000" from each of the three defendants. On November 12, 2006, the court entered a default judgment against defendant in the amount of $128,101.20. It also entered a judgment in favor of Drozd and granted plaintiff's motion to voluntarily dismiss Maruaa. Only the default judgment against defendant is at issue here.

¶ 4    On December 21, 2006, the court vacated the default judgment on defendant's motion and granted him leave to answer or otherwise plead. Defendant filed an unverified answer. On April 6, 2007, the court struck the unverified answer and ordered defendant to file a verified answer by April 27, 2007. When defendant failed to do so, the court reinstated the $128,101.20 default judgment on May 3, 2007.

¶ 5    On October 13, 2009, defendant filed a petition to vacate or modify the default judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West

2010)).[1] Defendant claimed that Supreme Court Rule 222(b) required that plaintiff attach to his initial pleading an "affidavit that the total money damages sought does or does not exceed $50,000" (Ill. S. Ct. R. 222(b) (eff. July 1, 2006)) and, where no affidavit is filed, the recovery amount is limited to $50,000.[2] Plaintiff had not attached a Rule 222(b) affidavit to his complaint. Defendant argued that the $128,101.20 judgment against him was, therefore, excessive, beyond the court's authority and void under Rule 222. Defendant requested that the court vacate the judgment. In the alternative, he requested that the court reduce the judgment to $50,000. He asserted that, because the judgment against him was void, it could be attacked at any time.

¶ 6        Plaintiff responded that the petition should be denied because it was untimely, it did not meet the requirements of section 2-1401 and the default judgment was neither void nor excessive. On January 4, 2010, the court granted defendant's petition "on the basis that the judgment is void." It reduced the judgment against defendant to $50,000 plus costs.

¶ 7        On September 21, 2010, the court denied plaintiff's posttrial motion to reconsider. It held that the filing of a Rule 222(b) affidavit with the initial pleading is mandatory and plaintiff's failure to attach a Rule 222(b) affidavit to his initial pleading rendered the portion of the default judgment in excess of $50,000 void. The court noted that, although defendant filed his section 2-1401 petition beyond the statutory two-year time limitation on such actions, this deadline did not apply because defendant brought his petition on voidness grounds. Plaintiff filed his timely notice of appeal from the court's orders on October 20, 2010.

¶ 8                                              Analysis
¶ 9        Plaintiff argues that the court erred in granting defendant's section 2-1401 petition and reducing the judgment because (1) Rule 222 did not apply to his complaint and case; (2) the court had the authority to enter a judgment in excess of $50,000 in the absence of a Rule 222(b) affidavit; (3) the judgment in excess of $50,000 was not void; and (4) defendant's section 2-1401 petition to modify the judgment was untimely.

¶ 10       Section 2-1401 authorizes a party to seek relief from a final judgment, such as a default judgment, when brought more than 30 days after judgment has been entered. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101 (2002). A section 2-1401 petition must be filed no later than two years after entry of the order of judgment and set forth a meritorious defense or claim, due diligence in presenting that defense or claim to the circuit court and

[1]Prior to defendant's filing of the petition, plaintiff had initiated an action seeking to enforce the judgment. At defendant's request, the court stayed the enforcement proceeding and transferred it to the court hearing defendant's petition.

[2]Defendant also asserted that Cook County General Order 1.2 required the filing of a Rule 222 affidavit in actions seeking damages between $50,000 and $100,000. Cook County General Order 1.2,2.3(b)(5) does indeed require the filing of a Rule 222 affidavit in such actions, but only for actions filed in the municipal department, not for actions filed, as here, in the law division of a municipal district court. Cook. Co. Cir. Ct. G.O. 1.2,2.3(b)(5)(iii) (July 12, 2000).

due diligence in filing the petition. *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 715 (2010).

¶ 11    As plaintiff points out, defendant's section 2-1401 petition was untimely. Defendant filed his section 2-1401 petition on October 13, 2009, more than two years after entry of the May 3, 2007, order reinstating the default judgment. He did not assert any basis for excusing his untimely filing, let alone assert a meritorious defense or claim or due diligence of any kind. Instead, defendant asserted that he was not barred from seeking relief because he was attacking a void judgment and such can be attacked at any time.

¶ 12    Pursuant to section 2-1401(f), a litigant may attack a void judgment at any time, even beyond the two-year limitation period of section 2-1401. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379 (2005). The general requirements for a valid section 2-1401 petition–that the petitioner must bring the petition within two years of the order of judgment and allege a meritorious defense or claim and due diligence–do not apply to petitions seeking to invalidate void judgments. *Ford Motor Credit Co.*, 214 Ill. 2d at 379. Generally, the trial court has the discretion to grant or deny a section 2-1401 petition and we will not disturb the court's decision on review absent an abuse of that discretion. *Kaput v. Hoey*, 124 Ill. 2d 370, 378 (1988). However, "[r]eview of a judgment on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void shall be *de novo*." *Protein Partners, LLP*, 407 Ill. App. 3d at 716 (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007), and *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 324 (2010)).

¶ 13    A void order or judgment is "one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved." *Ford Motor Credit Co.*, 214 Ill. 2d at 379-80. "A void judgment is from its inception a complete nullity and without legal effect." *Ford Motor Credit Co.*, 214 Ill. 2d at 380. " ' "[B]ecause of the disastrous consequences which follow when orders and judgments are allowed to be collaterally attacked, orders should be characterized as void only when no other alternative is possible." ' " *Ford Motor Credit Co.*, 214 Ill. 2d at 380 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 341 (2002), quoting *In re Marriage of Vernon*, 253 Ill. App. 3d 783, 788 (1993)).

¶ 14    Initially, plaintiff argues that Rule 222 does not apply to this case. Rule 222 is titled: "Limited and Simplified Discovery in Certain Cases." It "sets forth reforms in the discovery process in cases seeking money damages not in excess of $50,000. Two major elements of reform are imposed: (1) mandatory disclosure, and (2) limits on discovery." Ill. S. Ct. R. 222, Committee Comments (adopted June 1, 1995). "Rule 222 governs discovery in all cases to which it applies." *Kapsouris v. Rivera*, 319 Ill. App. 3d 844, 850 (2001). If Rule 222 applies in a case, then the parties must comply with its limited and simplified discovery rules rather than with the general discovery rules set forth elsewhere in the Illinois Supreme Court rules. *Kapsouris*, 319 Ill. App. 3d at 850.

¶ 15    Rule 222 provides, in relevant part, as follows:

"(a) Applicability. This rule applies to all cases subject to mandatory arbitration, civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs, and to cases for the collection of taxes not in excess of $50,000. *** Except as otherwise

specifically provided by this rule, the general rules governing discovery procedures remain applicable to cases governed by this rule.

(b) Affidavit *re* Damages Sought. Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on such claim which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000. Any such affidavit may be amended or superseded prior to trial pursuant to leave of court for good cause shown, and only if it is clear that no party will suffer any prejudice as a result of such amendment. Any affidavit filed pursuant hereto shall not be admissible in evidence at trial." Ill. S. Ct. R. 222 (eff. July 1, 2006).

¶ 16 We interpret a supreme court rule in the same manner as we interpret a statute. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002). Therefore, our primary goal is to ascertain and give effect to the intent of the drafters of the rule. *Robidoux*, 201 Ill. 2d at 332. The plain language of the rule is the most reliable indicator of the drafter's intent. *Robidoux*, 201 Ill. 2d at 332. "Where the language of a rule is clear as written, it must be applied without reading into it any conditions, exceptions, or limitations not expressed by the drafter." *Timothy Whelan Law Associates, Ltd. v. Kruppe*, 409 Ill. App. 3d 359, 375 (2011). Only when the meaning of a rule is unclear will the court resort to extrinsic aids beyond the language of the rule for construction. *Grady v. Marchini*, 375 Ill. App. 3d 174, 177 (2007). The interpretation of a supreme court rule presents a question of law that we review *de novo*. *Robidoux*, 201 Ill. 2d at 332.

¶ 17 The plain language of Rule 222(a) provides that the rule "applies to *** civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs." Ill. S. Ct. R. 222(a). Rule 222(a) clearly states that, where a civil action seeks an amount in excess of $50,000, the rule does not apply.

¶ 18 Further, committee comments to the rule explain that "[t]he limited and simplified discovery procedures are triggered by the filing of an appropriate affidavit as set forth in paragraph (b)." Ill. S. Ct. R. 222, Committee Comments (adopted June 1, 1995). Rule 222(b) plainly provides that only "[i]f the damages sought do not exceed $50,000, this rule shall apply." Ill. S. Ct. R. 222(b). Necessarily, therefore, if the damages sought exceed $50,000, the rule shall not apply. Clearly, the purpose of a Rule 222(b) affidavit is for the determination of whether the simplified discovery rules provided in Rule 222 apply in a particular case.

¶ 19 Rule 222(b) provides that "[i]f the damages sought do not exceed $50,000, this rule shall apply. Any judgment on *such claim* which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000." (Emphasis added.) Ill. S. Ct. R. 222(b). Read in context with the preceding sentence, "such claim" means a claim in which "the damages sought do not exceed $50,000," *i.e.*, a claim in which the plaintiff has filed an affidavit stating that he is seeking less than $50,000 and application of Rule 222 has been triggered. Indeed, neither party contests that, where an affidavit is filed stating that damages sought are less than $50,000, Rule 222(b) requires that any award in excess of $50,000 should be reduced to

-5-

$50,000. The question is whether, as defendant asserts, "[i]f the plaintiff fails to file any affidavit whatsoever, the case is deemed to be a case that does not exceed $50,000 in damages and Supreme Court Rule 222(b) mandates that the damages shall be reduced to $50,000."

¶ 20    Citing *Grady v. Marchini*, 375 Ill. App. 3d 174 (2007), defendant argued that, pursuant to Rule 222(b), the trial court does not have authority to enter a judgment in excess of $50,000 where the plaintiff has failed to attach an affidavit to his initial pleading and any amount in excess of $50,000 on such a claim should be reduced to $50,000. The trial court agreed with this proposition, finding that the filing of a Rule 222 affidavit with the initial pleading is mandatory and plaintiff's failure to file such affidavit deprived the court of jurisdiction to enter a judgment in excess of $50,000. The court held that the portion of plaintiff's judgment in excess of $50,000 was void and it, therefore, reduced plaintiff's judgment to $50,000.

¶ 21    Grady is the only published decision on this topic. It is, however, distinguishable from the case at bar. In *Grady*, the plaintiff filed a negligence action against the defendant seeking damages in excess of $15,000. *Grady*, 375 Ill. App. 3d at 175. The plaintiff designated the case as an "LM" case, a law magistrate case. *Grady*, 375 Ill. App. 3d at 175, 179. The plaintiff did not attach a Rule 222(b) affidavit to her complaint stating that the damages she sought did or did not exceed $50,000. *Grady*, 375 Ill. App. 3d at 178. After a jury awarded the plaintiff $97,700 in damages, the trial court granted the defendant's motion to reduce the award to $50,000 pursuant to Rule 222(b) for plaintiff's failure to attach the affidavit. *Grady*, 375 Ill. App. 3d at 176.

¶ 22    The appellate court affirmed. *Grady*, 375 Ill. App. 3d at 179. It held:

"The language of Rule 222(b) is clear. A party shall attach his or her affidavit, which states whether the damages sought do or do not exceed $50,000, to the initial pleading. Any judgment that exceeds $50,000 shall be reduced to $50,000 if the damages sought did not exceed $50,000. The use of the term 'shall' indicates a mandatory intent. ***

*** Thus, the use of 'shall' in imposing an obligation on the party to file an affidavit with his or her initial pleading stating whether or not he or she is seeking damages in excess of $50,000 is likewise mandatory. Plaintiff did not file an affidavit saying she was seeking in excess of $50,000. We conclude she is precluded from recovering more than $50,000. Rule 222(b) requires the judgment be reduced to $50,000." (Emphases omitted.) *Grady*, 375 Ill. App. 3d at 178.

¶ 23    The court then stated:

"We note the complaint sought damages in excess of $15,000 and the case was docketed as an LM case. *** 'A Law Magistrate case number shall be assigned to *** actions in which the damages are $50,000 or less. The amount of damages contained in the complaint *** determine the category, not the amount of the verdict or judgment.' All pleadings had the case designated as an LM case; thus, this was a case seeking damages for $50,000 or less. *** This conclusion is supported by the fact [that the plaintiff] sought damages in excess of $15,000 in the complaint and not $50,000, the amount at which this case would have been given a 'Law case number.' " *Grady*, 375 Ill.

App. 3d at 179. The court concluded that "[t]he clear language of the present version of Rule 222 requires the trial court to reduce any judgment in excess of $50,000 *here*." (Emphasis added.) *Grady*, 375 Ill. App. 3d at 179.

¶ 24 Defendant asserts that the *Grady* court found that, where a complaint does not contain an affidavit stating that the plaintiff seeks damages in excess of $50,000, Rule 222(b) precludes recovery of more than $50,000 and requires that any judgment over $50,000 be reduced to $50,000. *Grady* does not stand for this proposition. The *Grady* court's reduction of the judgment to $50,000 was based not only on the fact that the plaintiff failed to file an affidavit seeking in excess of $50,000 but also on the amount of damages she actually sought. The court held that, under the circumstances of that case, where the plaintiff had failed to file a Rule 222(b) affidavit, stated in her complaint that she sought damages "in excess of $15,000" and filed her case as a law magistrate case, thus indicating that she was seeking damages of $50,000 or less, a reduction from $97,700 to $50,000 was required. The *Grady* court reduced the judgment because plaintiff's complaint showed she was not seeking more than $50,000, not solely because plaintiff failed to file an affidavit stating she was seeking in excess of $50,000. Since Rule 222 applies "[i]f the damages sought do not exceed $50,000" (Ill. S. Ct. R. 222(b) (eff. July 1, 2006)), Rule 222 clearly applied to the *Grady* plaintiff's action and the court properly reduced the judgment.

¶ 25 Unlike in *Grady*, plaintiff here did not seek a judgment that did not exceed $50,000. He sought a judgment in excess of $50,000. Plaintiff's complaint stated he was seeking "in excess of $50,000" in damages from each of three defendants, leading to a possible judgment in excess of $150,000. Further, plaintiff filed his case as an "L" case, a law division case, in the sixth district municipal court. The law division in the sixth municipal district hears civil actions for monetary damages in excess of $100,000. Cook Co. Cir. Ct. G.O. 1.2,2.1(a)(1)(ii), (a)(4)(i) (Aug. 1, 1996). Plaintiff was clearly seeking a judgment in excess of $50,000 and, therefore, Rule 222 did not apply to his action.

¶ 26 We grant that Rule 222(b) requires that every plaintiff attach an affidavit to his original complaint stating whether the damages sought do or do not exceed $50,000. However, a plaintiff's failure to attach the requisite affidavit does not mean that he is barred from recovering a judgment in excess of $50,000. Supreme court rules " 'have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " *Robidoux*, 201 Ill. 2d at 332 (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). However, supreme court rules are to be construed liberally and not literally. *Levine v. Pascal*, 94 Ill. App. 2d 43, 59 (1968). "While rules of court are to be obeyed, 'unswerving obedience' is not demanded where no material harm is done to any litigant." *Levine*, 94 Ill. App. 2d at 59 (quoting *People v. Davis*, 357 Ill. 396, 400 (1934)).

¶ 27 Rule 222 makes no provision for when a plaintiff fails to file the requisite affidavit. But, as illustrated clearly in *Grady*, what matters in a determination of whether Rule 222 applies to an action is the amount of damages a plaintiff is seeking, whether this is shown by a Rule 222 affidavit or by a complaint, in order to protect the defendant from surprise. In *Grady*, the plaintiff's complaint, via her damage claim and designation of her case as a law magistrate

case, gave notice to the defendant and the court that she would not seek a judgment in excess of $50,000 and that, therefore, Rule 222 applied to her action. Further, based on the plaintiff's complaint and "LM" designation of the case, the defendant could reasonably expect that, because the judgment would be capped at $50,000, the simplified and limited discovery rules of Rule 222 rather than the usual discovery rules applied. Given these expectations, had the *Grady* court not held the plaintiff to that damage amount by reducing the judgment from $97,700 to $50,000, the defendant would have suffered material harm from the surprise of a judgment in excess of $50,000.

¶ 28     Unlike in *Grady*, defendant here did not have a reasonable expectation that plaintiff's damage award would be capped at $50,000. On the contrary, he had a reasonable expectation that the judgment would be in excess of $50,000. Plaintiff's complaint notified defendant that he was seeking "in excess of $50,000" in damages from defendant alone. Further, plaintiff filed his case in the law division of the sixth district municipal court, which only hears civil actions seeking in excess of $100,000 in monetary damages. Defendant thus had ample notice that plaintiff was seeking more than $50,000 in damages and that Rule 222, therefore, did not apply to the action.

¶ 29     The purpose of a Rule 222 affidavit is to determine whether simplified discovery should apply in a particular case, not to limit a plaintiff's damages. Here, reduction of the judgment in excess of $50,000 was not warranted under Rule 222 because Rule 222 did not apply to the case, defendant had no reasonable expectation that it did and he suffered no harm from plaintiff's failure to attach a Rule 222 affidavit to his complaint.

¶ 30     Even if Rule 222 did apply to plaintiff's case, we would not agree with defendant that the judgment in excess of $50,000 was void. As noted previously, a void judgment is one entered by a court without personal or subject matter jurisdiction or the inherent power to make or enter the judgment involved and is subject to collateral attack by a section 2-1401 motion. *Ford Motor Credit Co.*, 214 Ill. 2d at 379-80. In contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993).

¶ 31     Pursuant to the Illinois Constitution, the circuit courts have jurisdiction over all justiciable matters. *Davis*, 156 Ill. 2d at 156. "Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it made a mistake in determining either the facts, the law or both." *Davis*, 156 Ill. 2d at 156. The court here had jurisdiction over both the parties and the subject matter. Further, it had the authority to enter a judgment not in excess of the *ad damnum* clause in plaintiff's complaint. *Charles v. Gore*, 248 Ill. App. 3d 441, 449 (1993) ("In cases of default, a court that grants an award in excess of the *ad damnum* exceeds its authority and that portion of the decree in excess of the *ad damnum* is void."). Nothing in Rule 222(b) provides that the court does not have the authority to enter a judgment in excess of $50,000. Instead, Rule 222(b) merely provides that, under certain circumstances, if the court does enter a judgment in excess of $50,000, that judgment shall be reduced. Such an order entered in excess of $50,000 would be voidable, not void, and is therefore not subject to collateral attack under section 2-1401.

¶ 32    Defendant's section 2-1401 petition to vacate or modify the default judgment was filed beyond the two-year statutory limitation period on the basis that the underlying default judgment was void and could be attacked at any time. That judgment is not void. Accordingly, the trial court erred in granting defendant's untimely section 2-1401 petition. See *Parker v. Murdock*, 2011 IL App (1st) 101645, ¶ 21. We reverse the court's reduction of the default judgment to $50,000.

¶ 33                                    Conclusion

¶ 34    For the reasons stated above, we reverse the decision of the trial court granting defendant's section 2-1401 petition and reducing the default judgment to $50,000. We remand to the trial court with instructions to reinstate the original judgment.

¶ 35    Reversed and remanded with instructions.