2021 IL App (2d) 200522-U
No. 2-20-0522
Order filed August 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| COMMERCIAL BANK as successor in interest by assignment from MCMCAP Partners, LLC, as administrator for MCMCAP Homeowners' Advantage Trust III as successor in interest by assignment from Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc., | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CH-1275 |
| ARTUR GOSK; SYLVIA GOSK; NATIONAL CITY BANK; and UNKNOWN OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Charles D. Johnson, |
| (Artur Gosk, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In a foreclosure action, plaintiff's failure to file an Illinois Supreme Court Rule 222 affidavit stating whether the damages sought would exceed $50,000 did not require reduction of the deficiency judgment to $50,000. The complaint itself, which sought a deficiency judgment of $234,618, placed defendant on notice that plaintiff

was seeking a damages award over $50,000 and that ordinary discovery rules would apply.

¶ 2     Defendant, Artur Gosk, appeals from the judgment of the circuit court of Lake County denying his motion, under Illinois Supreme Court Rule 222 (eff. Jan. 1, 2011), to reduce to $50,000 a deficiency judgment entered after the sale of a foreclosed property. Because the trial court properly decided that Rule 222 did not apply to this action, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     Plaintiff, Commercial Bank, filed a complaint to foreclose on a residential mortgage. The complaint alleged that the total amount due and owing under the note was $822,681.82. The prayer for relief sought, among other things, a judgment of foreclosure and sale as well as a "personal judgment for a deficiency against Artur Gosk, if any." In the next paragraph, plaintiff specified that it sought a "judgment against Artur Gosk in the amount of $822,681.82."

¶ 5     On December 3, 2019, a public sale was held. Plaintiff submitted the winning bid of $653,200. On February 28, 2020, the trial court entered an order approving the report of sale and distribution and, among other things, entering a deficiency judgment against defendant for $234,618.38.

¶ 6     Relying on Illinois Supreme Court Rule 222 (eff. Jan. 1, 2011), defendant filed a motion to reduce the deficiency judgment to $50,000. He argued that the reduction was mandatory because plaintiff failed to provide an affidavit attesting to whether the damages it sought exceeded $50,000. Relying on *Dovalina v. Conley*, 2013 IL App (1st) 103127, the court denied the motion to reduce the judgment. Defendant, in turn, filed this timely appeal.

¶ 7                                II. ANALYSIS

¶ 8     On appeal, defendant contends that (1) the clear and unambiguous language of Rule 222 requires that the deficiency judgment be reduced to $50,000 because plaintiff did not provide an

affidavit as to the amount of damages sought, and (2) the trial court improperly relied on *Dovalina*, as that case is factually distinguishable from this case.

¶ 9    We interpret a supreme court rule the same way we interpret a statute. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16 (citing *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002)). Our primary goal is to ascertain and give effect to the drafters' intent. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16. The plain language of the rule is the most reliable indicator of the drafters' intent. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16. Where the language of a rule is clear as written, it must be applied without reading into it any conditions, exceptions, or limitations not expressed by the drafters. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16. Only when the meaning of a rule is unclear will the court resort to extrinsic aids beyond the language of the rule. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16. The interpretation of a supreme court rule presents a question of law that we review *de novo*. *Dovalina*, 2013 IL App (1st) 103127, ¶ 16.

¶ 10    Rule 222 is titled: "Limited and Simplified Discovery in Certain Cases." Ill. S. Ct. R. 222 (eff. Jan. 1, 2011). It states in pertinent part:

> "(a) Applicability. This rule applies to all cases subject to mandatory arbitration, civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs, and to cases for the collection of taxes not in excess of $50,000. *** Except as otherwise specifically provided by this rule, the general rules governing discovery procedures remain applicable to cases governed by this rule.
>
> (b) Affidavit *re* Damages Sought. Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on such claim which exceeds $50,000 shall be reduced

posttrial to an amount not in excess of $50,000. Any such affidavit may be amended or superseded prior to trial pursuant to leave of court for good cause shown, and only if it is clear that no party will suffer any prejudice as a result of such amendment. Any affidavit filed pursuant hereto shall not be admissible in evidence at trial." Ill. S. Ct. R. 222(a), (b) (eff. Jan. 1, 2011).

¶ 11     There are two reasons why plaintiff was not required to file a Rule 222 affidavit. First, plaintiff could not possibly specify whether the deficiency judgment would exceed $50,000. Our research does not find any case applying Rule 222 to a mortgage foreclosure action, but we note that a deficiency judgment, by its nature, may be determined only after the trial court confirms the sheriff's sale. See 735 ILCS 5/15-1508(e) (West 2018); *Metrobank v. Cannatello*, 2012 IL App (1st) 110529, ¶ 29. Accordingly, when the complaint here was filed, or indeed at any time before the confirmation of the sheriff's sale, plaintiff was unable to aver in an affidavit whether the deficiency judgment would or would not exceed $50,000. Because the plaintiff in a foreclosure action cannot comply with the affidavit requirement of Rule 222 as to a deficiency judgment, it would be unreasonable to interpret the rule as requiring that any deficiency judgment exceeding $50,000 be reduced to $50,000 because the plaintiff failed to submit an affidavit. See *People v. Marker*, 233 Ill. 2d 158, 167 (2009) (in interpreting supreme court rules, we presume drafters did not intend absurd, inconvenient, or unjust results).

¶ 12     Second, even if this were the type of action to which Rule 222 applied, an affidavit was not required under the facts here. In *Dovalina*, the First District was asked to decide if a plaintiff's damages must be reduced to $50,000 in any case where the plaintiff failed to submit an affidavit under Rule 222. *Dovalina*, 2013 IL App (1st) 103127, ¶ 19. The First District held that the absence of an affidavit does not require a reduction in damages if the complaint itself sought damages over

$50,000. *Dovalina*, 2013 Ill App (1st) 103127, ¶ 27. We agree with the First District's interpretation of the rule.

¶ 13 As the First District observed, subsection (a) of the rule "clearly states that, where a civil action seeks an amount over $50,000, the rule does not apply." *Dovalina*, 2013 IL App (1st) 103127, ¶ 17. Subsection (b) states in relevant part:

> "Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on *such claim* which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000." (Emphasis added.) Ill. S. Ct. R. 222(b) (eff. July 1, 2006).

We agree with the First District that the emphasized phrase "such claim," when read in context with the preceding sentence, "means a claim in which 'the damages sought do not exceed $50,000,' *i.e.*, a claim in which the plaintiff has filed an affidavit stating that he is seeking less than $50,000 and application of Rule 222 has been triggered." *Dovalina*, 2013 IL App (1st) 103127, ¶ 19. The question here, as in *Dovalina*, is: " 'If the plaintiff fails to file any affidavit whatsoever, [is] the case *** deemed to be a case that does not exceed $50,000 in damages and [Illinois] Supreme Court Rule 222(b) mandates that the damages shall be reduced to $50,000[?]' " *Dovalina*, 2013 IL App (1st) 103127, ¶ 19. We agree with *Dovalina*'s answer: reduction is *not* required in all cases where an affidavit is not filed. *Dovalina*, 2013 Ill App (1st) 103127, ¶ 27.

¶ 14 "Rule 222 makes no provision for when a plaintiff fails to file the requisite affidavit." *Dovalina*, 2013 IL App (1st) 103127, ¶ 27. However, the purpose of Rule 222 signals what consequence should flow from the failure to file the affidavit. As the *Dovalina* court observed, "[t]he purpose of a Rule 222(b) affidavit is to determine whether simplified discovery should apply

in a particular case, *not to limit a plaintiff's damages*." (Emphasis added.) *Dovalina*, 2013 IL App (1st) 103127, ¶ 29. This purpose was exemplified, the First District noted, in *Grady v. Marchini*, 375 Ill. App. 3d 174 (2007).

¶ 15    In *Grady*, the plaintiff filed a negligence action seeking damages "in an amount exceeding $15,000." *Grady*, 375 Ill. App. 3d at 175. Further, the plaintiff designated the case as an "LM" case, a law magistrate case. *Grady*, 375 Ill. App. 3d at 175. The plaintiff did not, however, attach a Rule 222 affidavit stating that the damages sought did or did not exceed $50,000. *Grady*, 375 Ill. App. 3d at 178. After a jury awarded the plaintiff over $97,000 in damages, the trial court reduced the award to $50,000 because the plaintiff failed to attach the affidavit. *Grady*, 375 Ill. App. 3d at 176.

¶ 16    In affirming the trial court, the appellate court reasoned that, because the plaintiff did not file an affidavit stating that she was seeking damages exceeding $50,000, she was precluded from recovering more than that amount. *Grady*, 375 Ill. App. 3d at 178. However, the court further noted that the complaint sought damages exceeding $15,000 and that the case was docketed as an LM case, which was limited to cases seeking damages of $50,000 or less. *Grady*, 375 Ill. App. 3d at 179. Thus, the *Grady* court concluded that "[t]he clear language of the present version of Rule 222 requires the trial court to reduce any judgment in excess of $50,000 here." *Grady*, 375 Ill. App. 3d at 179.

¶ 17    The First District in *Dovalina* court noted that the *Grady* court, in reducing the plaintiff's damages, mentioned not only the absence of a Rule 222 affidavit but also that the complaint itself, by its prayer for relief and the division in which it was filed, indicated that the plaintiff was not seeking damages over $50,000. The First District commented:

"[A]s illustrated clearly in *Grady*, what matters in a determination of whether Rule 222 applies to an action is the amount of damages a plaintiff is seeking, whether this is shown by a Rule 222 affidavit *or by a complaint*, in order to protect the defendant from surprise." (Emphasis added.) *Dovalina,* 2013 IL App. (1ˢᵗ) 103127, ¶ 27.

Thus, where the Rule 222 affidavit is lacking, the complaint itself may satisfy Rule 222 by indicating whether the damages sought do or do not exceed $50,000. The *Dovalina* court contrasted the facts before it with those in *Grady*. In both cases, no Rule 222 affidavit was filed. In *Grady*, the defendant could reasonably expect, based on the complaint, that the plaintiff's damages would not exceed $50,000. *Dovalina*, 2013 IL App (1st) 103127, ¶ 27. By contrast, in *Dovalina*, the complaint expressly stated that the plaintiff was seeking damages over $50,000, and so the defendant could *not* reasonably expect that the damages would be limited to $50,000. *Dovalina*, 2013 IL App (1st) 103127, ¶¶ 3, 28.

¶ 18 The present case is more similar to *Dovalina* than *Grady*. Plaintiff's complaint expressly sought deficiency judgment of $234,618.38. Thus, defendant was on notice that plaintiff was seeking a damages award exceeding $50,000 and that the ordinary discovery rules would apply. Plaintiff's attempts to rely on *Grady* and distinguish *Dovalina* do not succeed.

¶ 19 As the foregoing grounds are sufficient for affirming the trial court, we need not decide whether a foreclosure action, which is equitable in nature, is expressly excluded under the language of Rule 222.

¶ 20                                        III. CONCLUSION

¶ 21 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 22 Affirmed.