No. 2--00--1255

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

FRIEDA McKINNON, as Mother of ) Appeal from the Circuit Court

Aaron A. McKinnon, a Minor, ) of Kane County.

)

Plaintiff-Appellant, )

) 

v. ) No. 00--LK--0048

)

RICK THOMPSON, Indiv. and )

as Agent, Employee, and/or )

Servant of West Aurora School )

District 129, and WEST AURORA ) 

SCHOOL DISTRICT 129, ) 

)

Defendants-Appellees )

)

(Washington Middle School, a )

Member School Under the West ) Honorable

Aurora School District 129, ) Gene L. Nottolini,

Defendant). ) Judge, Presiding.

_________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE BOWMAN delivered the opinion of the court:

Aaron McKinnon, by his mother, plaintiff Frieda McKinnon, appeals from an order entered by the circuit court of Kane County  dismissing with prejudice his cause of action against defendants Rick Thompson and West Aurora School District 129 (District 129) pursuant to section 2--619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(5) (West 1998)).  Washington Middle School was also named as a defendant but was dismissed on other grounds and is not a party to this appeal.  Aaron argues that, in determining that his action against Thompson and District 129 was time-barred, the trial court erroneously applied the one-year statute of limitations provided in the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/8--101 (West 1998)) instead of the statute of limitations applicable to causes of action brought by minors (735 ILCS 5/13--211 (West 1998)).  We agree with Aaron that his complaint was timely filed and reverse the trial court's judgment. 

The complaint alleged that on February 2, 1998, Rick Thompson, who was the vice-principal of Washington Middle School in District 129, physically assaulted Aaron in the middle school's technology center.  The complaint sought damages for both physical and emotional injuries that Aaron allegedly suffered as a result of defendants' negligence, wilful and wanton misconduct, assault and battery, and intentional infliction of emotional distress.  Aaron was 12 years old when the alleged assault occurred.  The complaint was filed on September 15, 1999, at which time Aaron was 14 years old.  

Defendants filed a motion to dismiss pursuant to section 2--619(a)(5) of the Code, which authorizes involuntary dismissal of an action that was not commenced within the time limited by law.  They argued that section 8--101 of the Act applied to Aaron's case and that Aaron had not filed his cause of action within one year of the date his cause of action accrued.  The trial court agreed with defendants and on July 26, 2000, entered an order dismissing Aaron's cause of action with prejudice.  The court's order stated that "the one year statute of limitations found in the Tort Immunity Act applies and prevails over the two year statute of limitations for minors."  Aaron filed a motion to reconsider the court's ruling.  The court denied the motion to reconsider, and this appeal ensued.

Our determination of which statute of limitation applies to Aaron's cause of action is controlled by our supreme court's recent decision in 
Ferguson v. McKenzie
, No. 89144 (January 29, 2001).  The issue before the court in 
Ferguson
 was whether the Act's one-year statute of limitations (745 ILCS 10/8--101 (West 1994)) took precedence over the statute of repose applicable to a minor's medical malpractice claim (735 ILCS 5/13--212(b) (West 1994)).  Under section 13--212(b), a minor who is entitled to bring a medical malpractice action must do so within eight years of the injury-causing act or omission and may not bring the cause of action after his or her twenty-second birthday.  The  
Ferguson
 minor's cause of action had accrued when she 17 years and 5 months of age, but her complaint was not filed until she was 19 years and 5 months of age. 
The defendants in 
Ferguson
 contended that the one-year limitations period under section 8--101 began to run when the minor plaintiff turned 18 and, consequently, she was required to file her complaint prior to her nineteenth birthday.  The minor plaintiff, on the other hand, argued that she had until her twenty-second birthday to file her complaint pursuant to section 13--212(b).  Unlike defendants in the case at bar, the defendants in 
Ferguson
 did not assert that the statute of limitations expired against the minor plaintiff while she was still a minor.

In determining whether the limitations period of section 8--101 or the repose period of section 13--212(b) applied, the court struck a compromise that recognized the principles underlying both statutes, namely, the need to encourage early investigation against a local governmental entity while the matter is still fresh and the need to protect minors' rights to bring suit.  
Ferguson
, slip op. at 5.  Accordingly, the court held that the medical malpractice statute of repose applied insofar as the plaintiff was a minor when her cause of action accrued. 
Ferguson
, slip op. at 4. However, the court further held that "because defendants are a local government entity and its employees, the one-year limitations period of section 8--101 of the Tort Immunity Act also applies to [the plaintiff]" and began to run when she reached 18 years of age.  
Ferguson
, slip op. at 4.  Thus, because the plaintiff in 
Ferguson 
 failed to file her action before she turned 19, the court held that it was time-barred.  
Ferguson
, slip op. at 5.

Here, we are asked to determine whether section 8--101 of the Act takes precedence over section 13--211 of the Code.  Section 8--101 provides:

"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8--101 (West 1998).

Section 13--211, on the other hand, provides as follows:

"If the person entitled to bring an action, specified in Sections 13--201 through 13--210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed."  735 ILCS 5/13--211 (West 1998).

Section 13--211 is applicable because Aaron's cause of action is one for "damages for an injury to the person" as described in section 13--202 of the Code (735 ILCS 5/13--202 (West 1998)). 

The rationale set forth in 
Ferguson
 applies to the issue before us.  Under that rationale
, Aaron must comply with both section 13--211 of the Code and section 8--101 of the Act.  See 
Ferguson
, slip op. at 5.  This means that the one-year limitations period of section 8--101 applies, but it does not begin to run until Aaron reaches 18 years of age.  Thus, Aaron's cause of action would not be time-barred as long as it was filed prior to his nineteenth birthday.  It is undisputed that Aaron has not yet turned 19 and was approximately 14 years of age when the complaint was filed on his behalf.  Accordingly, Aaron's cause of action is not time-barred, and the trial court erred when it dismissed the cause of action.

For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

HUTCHINSON, P.J., and GEIGER, J., concur.