2015 IL App (2d) 150143
No. 2-15-0143
Opinion filed December 14, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JENNIFER LEE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 14-L-837 |
| | ) | |
| NAPERVILLE COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT 203 and THE | ) | |
| NAPERVILLE ILLINOIS BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants-Appellants | ) | Honorable |
| | ) | Kenneth L. Popejoy, |
| (Naperville North High School, Defendant). | ) | Judge, Presiding. |

JUSTICE SPENCE delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Jennifer Lee, appeals from an order of the circuit court of Du Page County granting the motion of defendants, Naperville Community Unit School District 203 and the Naperville Illinois Board of Education,[1] pursuant to section 2-619 of the Code of Civil Procedure

---

[1] Plaintiff's complaint also named Naperville North High School as a defendant. It is undisputed, however, that Naperville North High School is not an entity with the capacity to be sued.

(Code) (735 ILCS 5/2-619 (West 2014)), to dismiss her personal-injury lawsuit. In their motion, defendants successfully argued that the lawsuit was barred because it was not commenced within the one-year limitations period set forth in section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/8-101(a) (West 2014)). Defendants argue on appeal that, because she was under the age of 18 when her cause of action accrued, section 13-211 of the Code (735 ILCS 5/13-211 (West 2014)) afforded her two years to bring suit after reaching the age of 18. Plaintiff maintains that she timely commenced this action within the applicable two-year period. We affirm.

¶ 2 Plaintiff filed her complaint on August 20, 2014. She alleged that on May 12, 2012, while enrolled as a student at Naperville North High School, she was injured while playing soccer in a physical-education class. Plaintiff alleged that negligence and willful and wanton misconduct on defendants' part proximately caused her injury. It is undisputed that plaintiff's eighteenth birthday was on August 21, 2012. In their motion to dismiss, defendants contended that the Act's one-year limitations period began to run on that date. In response, plaintiff cited *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874 (1996), in support of her position that the applicable limitations period was two years, commencing on her eighteenth birthday, and that her lawsuit, which was commenced one day before her twentieth birthday, was timely. Citing our supreme court's decision in *Ferguson v. McKenzie*, 202 Ill. 2d 304 (2001), and our subsequent decision in *McKinnon v. Thompson*, 325 Ill. App. 3d 241 (2001), the trial court ruled that plaintiff had only one year from her eighteenth birthday to file her lawsuit.

¶ 3 We begin our analysis by noting that section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2014)) authorizes dismissal of an action on the basis that it "was not commenced within the time limited by law." The trial court's ruling on a motion to dismiss

pursuant to section 2-619(a)(5) is subject to *de novo* review. *Johnson v. Augustinians*, 396 Ill. App. 3d 437, 439 (2009). To determine whether plaintiff's action was timely, we must consider the possible application of several statutes. Pursuant to section 13-202 of the Code (735 ILCS 5/13-202 (West 2014)), a personal-injury lawsuit ordinarily must be commenced within two years after the cause of action accrues. However, section 13-211(a) of the Code (735 ILCS 5/13-211(a) (West 2014)) provides, in pertinent part, "If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of [the] Code, at the time the cause of action accrued, is under the age of 18 years *** then he or she may bring the action within 2 years after the person attains the age of 18 years ***." Section 8-101(a) of the Act (745 ILCS 10/8-101(a) (West 2014)) provides, in pertinent part, that "[n]o civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."

¶ 4    In *Bertolis*, a divided panel of the Fourth District held that section 13-211 of the Code (rather than section 8-101(a) of the Act) applied to a lawsuit against a local school district for injuries suffered by the plaintiff before her eighteenth birthday. All parties in *Bertolis* agreed that the applicable limitations period did not begin until the plaintiff reached the age of 18. *Bertolis*, 283 Ill. App. 3d at 876. However, the defendants argued that, at that point, the Act's one-year limitations period applied. The *Bertolis* court noted that "[o]ne approach courts use when more than one statute of limitations is relevant to a given action is to determine which statute is *more specifically* applicable." (Emphasis in original.) *Id.* at 879. Applying that approach, the *Bertolis* court reasoned as follows:

"[W]e conclude section 13-211 of the Code is more specifically related to the present action. Section 13-211 addresses not only a specific class of plaintiffs, but also the nature

of the injury (by incorporating section 13-202); in contrast, section 8-101 of the *** Act applies only to a given group of defendants and could encompass *any* type of civil action brought by any plaintiff.

*** 

Section 8-101 of the *** Act does not address the claims of those without capacity to sue, such as minors, whereas the Code very specifically addresses the tolling of limitation periods for minors. Because the limiting provisions of the *** Act are to be strictly construed against public defendants and the public policy of this state has long favored preserving the meritorious claims of minors, we hold the limitation period of section 13-211 of the Code governs this action." (Emphasis in original.) *Id.* at 880-81.

¶ 5 The *Bertolis* court stressed that the General Assembly "did not limit or qualify the applicability of section 13-211 of the Code to other statutes." *Id.* at 879. On the other hand, the *Bertolis* court conceded that "the policy reasons behind affording individuals injured as minors an additional year to commence their actions once the disability of minority no longer exists are not apparent." *Id.*

¶ 6 Subsequent to *Bertolis*, in *Tosado v. Miller*, 188 Ill. 2d 186 (1999), our supreme court considered whether section 8-101's one-year limitations period applied to a medical-malpractice action against physicians employed by a county hospital and against the county itself. The plaintiffs argued that the applicable limitations period was two years under section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 1996)), governing "action[s] for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care." Five members of the court wrote separate opinions. Justice Miller announced the

judgment of the court in an opinion joined only by Justice Bilandic. Justice Miller concluded that section 8-101 applied, reasoning as follows:

"In enacting section 8-101 of the *** Act, we believe, the legislature intended to protect a specific class of defendants, local governmental entities and their employees. Thus, in medical malpractice actions against local governmental entities or their employees the focus should be on the defendants rather than the cause of action or the type of injuries sustained by the plaintiffs.

By focusing on the category of defendants at issue in this case, it is clear that section 8-101 of the *** Act is more specific than section 13-212 of the Code ***. Section 8-101 specifically applies to defendants which are local entities and the employees of those entities which are a more specific category of defendant within the broader group of any physician, dentist, registered nurse or hospital described in section 13-212(a). Because section 8-101 of the *** Act is the more specific statute when considering causes of action against local governmental entities and their employees, we believe the one-year limitation provision of section 8-101 of the *** Act applies to actions against those defendants." *Tosado*, 188 Ill. 2d at 195.

¶ 7    Justice Heiple specially concurred. According to Justice Heiple, "[Justice Miller's] analysis is an oversimplification because section 8-101 is *both* more specific *and* more general than the statute of limitations in section 13-212(a)." (Emphases in original.) *Id.* at 199 (Heiple, J., specially concurring). Justice Heiple explained that section 8-101 of the Act was "more specific in the sense that it applies to a narrow class of defendants, local entities and their employees," but was also "more general than section 13-212(a) because it applies to *any* civil action, not just to medical malpractice actions." (Emphasis in original.) *Id.* Justice Heiple

added that the plaintiffs had made a plausible case that "the focus should be on the type of the cause of action, not on the nature of the defendants." *Id.* According to Justice Heiple, "[f]rom plaintiffs' point of view, [Justice Miller's] exclusive focus on the nature of the defendants in both statutes is completely arbitrary." *Id.* Justice Heiple agreed, however, with Justice Miller's conclusion that section 8-101 supplied the applicable limitations period:

"[Justice Miller's] analysis is ultimately unpersuasive because, to the extent that section 8-101 is more general than section 13-212(a), this is one of those instances where 'the legislature intended to make the general act controlling.' [Citation.] *** [T]he purpose of the one-year statute of limitations in section 8-101 is to encourage early investigation and settlement of meritorious claims so governmental entities can plan their budgets in light of potential liabilities. [Citation.] By its very nature then, section 8-101 was designed to apply broadly to any possible claim against a local governmental entity and its employees. This type of comprehensive protection necessarily controls over other statutes of limitations. Nothing suggests the legislature intended to abandon this scheme with respect to medical malpractice actions." *Id.* at 199-200.

In a separate special concurrence, Chief Justice Freeman "join[ed] in Justice Heiple's special concurrence to the extent that 'this is one of those instances where "the legislature intended to make the general act controlling" ' and that section 8-101 of the *** Act was designed to apply broadly to any possible claim against a local governmental entity and its employees. [Citation.]" *Id.* at 198 (Freeman, C.J., specially concurring).

¶ 8    Justices McMorrow and Harrison wrote separate dissents and Justice Rathje joined Justice McMorrow's dissent. Both dissents concluded, in essence, that section 13-212(a) was more specifically applicable to the underlying lawsuits. *Id.* at 201 (Harrison, J., dissenting); *id.*

at 201-11 (McMorrow, J., dissenting, joined by Rathje, J.). Justice McMorrow also found it significant that the General Assembly "did not include explicit instructions within the statutory language of the *** Act to determine precedence in the event of conflicting provisions." *Id.* at 210.

¶ 9    *Ferguson* arose from a medical-malpractice lawsuit that, like the lawsuit in *Tosado*, was brought against physicians employed by a county hospital and against the county itself. The action was brought by the administrator of the estate of a woman who died following cataract surgery. Whereas the plaintiffs in *Tosado* were adults, one of the claims in *Ferguson* was brought on behalf of the decedent's daughter, who was 17 years and 5 months of age when the decedent died, but was 19 years and 5 months of age when the claim was brought on her behalf. The plaintiff contended that the timeliness of the decedent's daughter's claim was governed not by section 8-101 of the Act, but by section 13-212(b) of the Code (735 ILCS 5/13-212(b) (West 2014)), which provides, in pertinent part:

> "[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday."

¶ 10    A majority of the *Ferguson* court concluded that section 8-101 of the Act barred the decedent's daughter's claim. The court explained that section 13-212(b) was a statute of repose

rather than a statute of limitations. *Ferguson*, 202 Ill. 2d at 311. Whereas a statute of limitations bars a lawsuit that is not brought within a certain period following *accrual* of a cause of action, a statute of repose extinguishes the defendant's liability after a fixed period of time, whether the cause of action has accrued or not. *Id.* The court concluded that section 13-212(b) applied to the decedent's daughter "insofar as she was a minor when her cause of action accrued." *Id.* at 312. However, the court held that "the one-year limitations period of section 8-101 of the *** Act also applied to [the decedent's daughter] and began to run when she reached 18 years of age." *Id.* The court reasoned as follows:

"Although *Tosado* did not involve the claim of a minor, that decision persuades us that section 8-101 of the *** Act controls here. Applying the reasoning of Justice Heiple, the legislature intended that section 8-101 of the Act apply 'broadly to any possible claim against a local governmental entity and its employees.' [Citations.] Also, applying the reasoning of Justice Miller, the Act is more specific than the Code in that the former applies specifically to defendants who are local governmental entities or employees thereof. [Citation.]

Our view of the interplay between section 13-212(b) of the Code and section 8-101 of the Act gives effect to the underlying policy of each provision. The legislative intent of section 13-212(b) of the Code is to reduce the period of potential liability and restrict a minor's ability to sue. [Citation.]

The purpose of the limitation period contained in section 8-101 of the Act is to encourage early investigation into a claim against a local governmental entity when the matter is still fresh, witnesses are available, and conditions have not materially changed. Such an investigation permits prompt settlement of meritorious claims and allows

governmental entities to plan their budgets in light of potential liabilities. Because a local governmental entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged limitations period is reasonable. [Citation.]

Our holding protects the possible claims of minors against local governmental entities by preserving the repose period for minors. As we stated in *Antunes* [*v. Sookhakitch*, 146 Ill. 2d 477,] 493 [(1992)]:

'Without doubt, Illinois has a long-established policy of protecting the right of minors to bring suit. As stated in *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, 56, and reiterated in *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520, "A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights." '

Nonetheless, a party must comply with *both* section 13-212(b) of the Code and section 8-101 of the *** Act.

In this case, [the decedent's daughter], by operation of section 13-212(b) of the Code, was afforded an additional seven months, until she reached 18 years of age, before the one-year limitations period of section 8-101 of the *** Act began to run. Since plaintiff failed to add [the decedent's daughter] to the action within that time, her claim is time-barred. This result honors the underlying policies of both section 13-212(b) of the Code and section 8-101 of the Act." (Emphasis in original.) *Id.* at 312-14.

¶ 11     Plaintiff stresses that *Ferguson* "addressed the general statute of limitations for medical negligence claims *** and its interplay with the *** Act." Plaintiff adds that "[t]he provisions of

Section 13-211 were not discussed because they were not implicated." Thus, according to plaintiff, "*Ferguson* is inapposite because it was addressing an entirely different section of the [Code]." Plaintiff acknowledges that in *McKinnon*, which involved a high-school student's assault claim against a school district and one of its employees, this court stated that the rationale of *Ferguson* required compliance with both section 13-211 *and* section 8-101. *McKinnon*, 325 Ill. App. 3d at 244. The student was a minor when the alleged assault occurred and we stated that "[his] cause of action would not be time-barred *as long as it was filed prior to his nineteenth birthday.*" (Emphasis added.) *Id.* According to plaintiff, however, this statement is *dicta*; because the action was commenced *before* the student's eighteenth birthday, this court did not squarely face the question of what limitations period would have applied if the suit had been filed after he reached the age of 18. Plaintiff maintains that *McKinnon*'s "entirely unnecessary discussion about an issue not before the *** court should not be read as departing from the clear ruling of *Bertolis*." Plaintiff further notes that, as a member of the appellate court, Justice Garman was the author of the majority opinion in *Bertolis*, and that, as a member of our supreme court, she joined the majority opinion in *Ferguson*. Plaintiff argues that "[h]ad Justice Garman known that *Ferguson* was *sub silentio* reversing her decision in *Bertolis*, it would seem that she would have something to say about that; perhaps even casting her vote the other way." These arguments are unavailing. After *Ferguson*, our supreme court considered the scope of section 8-101 again in *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1 (2004). As explained below, the reasoning in *Paszkowski* clearly forecloses continued reliance on *Bertolis.*

¶ 12    The plaintiff in *Paszkowski* argued that, notwithstanding section 8-101, his lawsuit was timely under section 13-214(a) of the Code, which provides a four-year limitations period for

"[a]ctions based upon tort, contract or otherwise against *any person* for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." (Emphasis added.) 735 ILCS 5/13-214(a) (West 1998). For purposes of section 13-214, the term "person" includes "any body politic." 735 ILCS 5/13-214 (West 1998). The *Paszkowski* court concluded that the defendant clearly fit the definition of a body politic. *Paszkowski*, 213 Ill. 2d at 8. The plaintiff argued that section 13-214(a), which was applicable only to construction-related claims, was more specific than section 8-101, which applied to any claim against a local entity. The defendant argued that section 13-214(a) was more general, because it applied to a broader class of defendants.

¶ 13    Relying on *Ferguson*, a majority of the *Paszkowski* court concluded that the lawsuit was barred by the Act's one-year limitations period. Notably, the majority no longer focused on the relative specificity of the two limitations provisions at issue. *Id.* at 12 ("Regardless of whether section 13-214(a) is more specific than section 8-101 *** it is the legislature's intent that is of foremost importance."). Instead, the *Paszkowski* majority reasoned as follows:

> "According to *Ferguson*, 'the legislature intended that section 8-101 of the Act apply "*broadly* to *any possible claim* against a local governmental entity and its employees." ' (Emphases added.) *Ferguson*, 202 Ill. 2d at 312, quoting *Tosado*, 188 Ill. 2d at 199 (Heiple, J., specially concurring). Given the breadth of this intent, we conclude, in keeping with *Ferguson*, that the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitation or repose." *Id*. at 13.

¶ 14    Contrary to plaintiff's argument in her reply brief that *Paszkowski* is inapposite because it involved a different statute of limitations, the court's reasoning is in no way limited to cases implicating the four-year limitations period for construction-related claims. The court's

sweeping statement that "the comprehensive protection afforded by section 8-101 necessarily controls over *other statutes of limitation or repose*" (emphasis added) (*id.*) applies with equal force where an action that would *otherwise* be governed solely by section 13-211 is commenced against a local public entity or an employee of a local public entity. In such cases, although section 13-211 tolls the limitations period until the plaintiff attains the age of 18, section 8-101 requires the action to be commenced within one year thereafter.[2] Plaintiff's lawsuit, which was not filed until one day before her twentieth birthday, was untimely.

¶ 15 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 16 Affirmed.

---

[2] Because, as the *Paszkowski* court observed, legislative intent "is of foremost importance" (*Paszkowski*, 213 Ill. 2d at 12), the General Assembly may carve out exceptions by the use of language evincing an intention that some other limitations period should control a particular case or class of cases. For instance, a statute of limitations that, by its terms, applies "[n]otwithstanding any other provision of law" determines the limitations period for an action that would otherwise be subject to section 8-101. (Internal quotation marks omitted.) *Doe v. Hinsdale Township High School District 86*, 388 Ill. App. 3d 995, 1002 (2009). Section 13-211 contains no such language.