2026 IL App (2d) 250054
No. 2-25-0054
Opinion filed March 24, 2026

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

NIKKI SKARBEK, Plaintiff-Appellant,
v. WOODMAN'S FOOD MARKET, INC., Defendant-Appellee.

Appeal from the Circuit Court of Lake County.
Honorable Luis A. Berrones, Judge, Presiding.
No. 24-LA-468

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices McLaren and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Nikki Skarbek, appeals a judgment dismissing her complaint against defendant, Woodman's Food Market, Inc., as time-barred. See 735 ILCS 5/2-619(a)(5) (West 2022). Plaintiff contends that (1) the trial court erred in refusing to deem her complaint timely filed where the circuit court clerk had rejected the complaint—submitted on the second-to-last day of the limitations period—because it did not attach an affidavit per Illinois Supreme Court Rule 222(b) (eff. Jan. 1, 2011) and, alternatively, that (2) even if the trial court properly refused to deem her complaint timely filed, the court erred in holding that plaintiff failed to show good cause under Illinois Supreme Court Rule 9(d)(2) (eff. Feb. 1, 2024) for the late filing. We hold that the absence of a Rule 222(b) affidavit was not a proper basis for rejecting the complaint and that the complaint should have been deemed filed as of the date it was submitted. Because we hold that the complaint

was timely filed, we do not reach plaintiff's good-cause argument. We reverse the dismissal of the complaint and remand the cause.

¶ 2                                            I. BACKGROUND

¶ 3     On March 17, 2020, plaintiff filed a complaint alleging that, as a result of defendant's negligence, she was seriously injured while working on defendant's premises. The complaint was captioned "20L 00000182" and prayed for damages "in excess of Fifty Thousand Dollars ($50,000)." On June 27, 2023, the trial court granted plaintiff's motion to voluntarily dismiss the complaint with leave to refile. See 735 ILCS 5/2-1009 (West 2022). The one-year limitations period ran through June 27, 2024. See 735 ILCS 5/13-217 (West 1994).[1]

¶ 4     On June 26, 2024, plaintiff uploaded a complaint, which it designated as a refiled action (for clarity, we refer to this complaint as an amended complaint). As submitted originally, the amended complaint did not attach an affidavit per Rule 222, which, as pertinent here, reads:

>     "(a) Applicability. This rule applies to all cases subject to mandatory arbitration, *civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs*, and to cases for the collection of taxes not in excess of $50,000. This rule does not apply to small claims, ordinance violations, actions brought pursuant to 750 ILCS (FAMILIES), and actions seeking equitable relief. Except as otherwise specifically provided by this rule, the general rules governing discovery procedures remain applicable to cases governed by this rule.

---

[1]Public Act 89-7 (eff. Mar. 9, 1995), which amended section 13-217 of the Code of Civil Procedure, was declared unconstitutional in its entirety by our supreme court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 467 (1997). The version of section 13-217 applicable here is the version that was in effect prior to the March 1995 amendment. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

(b) Affidavit re Damages Sought. Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on such claim which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000. Any such affidavit may be amended or superseded prior to trial pursuant to leave of court for good cause shown, and only if it is clear that no party will suffer any prejudice as a result of such amendment." (Emphasis added.) Ill. S. Ct. R. 222(a), (b) (eff. Jan. 1, 2011).

Paragraph (f) of the rule sets out "Limited and Simplified Discovery Procedures" for actions that do not request more than $50,000 in damages. Ill. S. Ct. R. 222(f) (eff. Jan. 1, 2011).

¶ 5 Plaintiff later resubmitted the amended complaint and attached a Rule 222(b) affidavit in proper form. The resubmitted complaint was file-stamped June 28, 2024, at 2:19 p.m.

¶ 6 On August 19, 2024, plaintiff filed a "Motion to Deem Complaint Filed on Date of Initial Upload to Electronic Filing Portal" (Motion to Deem). Plaintiff alleged as follows. In the initial action, the final pretrial conference was set for June 27, 2023. Needing more time to complete her discovery, plaintiff moved for a voluntary dismissal with leave to refile. On June 27, 2023, the trial court granted her motion.

¶ 7 The Motion to Deem alleged further that, on June 26, 2024, at 9:14 p.m., plaintiff's counsel uploaded the amended complaint to Odyssey eFileIL (Odyssey), the circuit court's electronic filing system, and the filing fee was charged to counsel's bank account. Shortly afterward, counsel realized that he had failed to upload a Rule 222(b) affidavit. The Motion to Deem continued:

"Plaintiff's attorney is not aware that there is a method in Odyssey wherein a filer can open the 'envelope' of a submitted, but not yet accepted, new case filing to upload additional

documents to the envelope. Plaintiff's attorney did not believe that the filing of the [Rule 222(b) affidavit] *** was a strict requirement for the [c]omplaint to be accepted, because the [c]omplaint was uploaded in the 'Case Category' as 'Law: Damages over $50,000' and designated 'Case Type' as 'Tort—Money Damages over $50,000.' Further[,] the [c]omplaint states in each *ad damnum* clause that Plaintiff is seeking damages 'in excess of the jurisdictional limits set by the Law Division of [the circuit court].' Plaintiff's attorney expected that he would receive [n]otice form [*sic*] Odyssey that the [c]omplaint was filed the following day, June 27, 2024, and once he had a case number, he could upload the [Rule 222(b) affidavit] to the newly filed lawsuit."

¶ 8    The Motion to Deem also alleged that, on June 27, 2024, plaintiff's counsel did not receive an e-mail confirming the filing. On June 28, 2024, at 12:51 p.m., counsel received a voicemail from the circuit court clerk's office, stating that the clerk had rejected the upload because no Rule 222(b) affidavit was attached. Counsel immediately returned the call and explained that he had inadvertently failed to upload the affidavit along with the complaint and that he intended to upload the affidavit once a case number was assigned. He asked why he had not been notified on June 27, 2024, of the rejection of his filing, and he was told that the circuit court clerk's office "is granted up to 48 hours to review e-filed pleadings." As soon as he got off the phone, counsel uploaded the amended complaint and a Rule 222(b) affidavit. Counsel never received notice from Odyssey of the upload. On July 2, 2024, he received an e-mail from the circuit court clerk's office informing him that he could now access the case file. He did so and learned that the amended complaint had been file-stamped June 28, 2024—one day after the limitations period expired.

¶ 9    Plaintiff argued that the clerk's rejection of the amended complaint simply because it lacked a Rule 222(b) affidavit was "without authority under the law." Plaintiff contended that, under

*Dovalina v. Conley*, 2013 IL App (1st) 103127, no affidavit was required because the complaint clearly requested damages in excess of $50,000.

¶ 10    Plaintiff then argued that, even if the circuit court clerk had authority to reject the amended complaint, she was entitled to relief under Rule 9(d)(2), which stated that "[i]f a document is rejected by the clerk and is therefore untimely, the filing party may seek appropriate relief from the court, *upon good cause shown*." (Emphasis added.) Ill. S. Ct. R. 9(d)(2) (eff. Feb. 1, 2024). Plaintiff alleged that she met this requirement: the complaint itself was e-filed in proper form— and the filing fee was paid—more than 24 hours before the limitations period expired. Further,

> "[s]ince e-filing began in Illinois state courts in 2018, [p]laintiff's attorney had never had the initial filing of a [c]omplaint rejected in any jurisdiction, and because he knew that the [c]omplaint that he filed on June 26, 2024[,] was in conformance with the Illinois Code of Civil Procedure, [t]he Illinois Supreme Court Rules and the Local Rules of the Circuit Court of Lake County, [he] had no reason to believe that his timely filed [c]omplaint would be rejected."

¶ 11    Plaintiff's Motion to Deem contained a copy of an Odyssey notice, dated June 26, 2024, at 9:14 p.m. The first paragraph stated, in part, "The filing below has been submitted to the clerk's office for review ***. You will be notified by [e-mail] in approximately 24-48 hours if your filing has been accepted or rejected." On the second page, under the heading "Case Type," was the phrase "Tort-Money Damages (over $50,000.00)." Under the heading "Case Category" was "Law: Damages over $50,000."

¶ 12    The Motion to Deem also contained a copy of an Odyssey notice, dated June 28, 2024, at 12:54 p.m. It explained that the June 26, 2024, filing was being returned to plaintiff's counsel because the clerk had rejected it. Under "Returned Comments," the notice stated:

"Call [*sic*] law office and left a voice message for [plaintiff's attorney], to update firm information through our website and to include an Affidavit 222B, when filing an initial law division case. ***."

¶ 13     On August 29, 2024, defendant moved to dismiss the amended complaint as untimely because it was filed more than a year after the voluntary dismissal. See 735 ILCS 5/13-217 (West 1994).

¶ 14     On September 30, 2024, defendant responded to the Motion to Deem. Defendant argued that there was no support in *Dovalina*, or elsewhere, for plaintiff's assertion that Rule 222(b)'s affidavit requirement does not apply where the complaint states on its face that it seeks over $50,000 in damages. Further, defendant contended that plaintiff had failed to comply with Nineteenth Judicial Circuit Court Rule 2-2.09 (June 5, 2017), which provides that complaints must comply with Rule 222 and thus implies that a plaintiff must attach a Rule 222(b) affidavit when filing a civil complaint for damages.

¶ 15     Defendant argued next that plaintiff could not use Rule 9(d)(2)'s good-cause provision to avoid the statute of limitations. Citing *Kilpatrick v. Baxter Healthcare Corp.*, 2023 IL App (2d) 230088, defendant contended that plaintiff did not allege facts showing that her failure to timely file a Rule 222(b) affidavit resulted from anything other than her counsel's lack of diligence, misunderstanding of the law, or unfamiliarity with settled e-filing procedures.

¶ 16     After hearing arguments, the trial court granted defendant's motion to dismiss. The court explained its judgment as follows. First, Rule 222(b) mandates that an affidavit of damages sought be filed with *any* civil complaint for damages. Although there were decisions in which the plaintiff failed to file the affidavit and the reviewing court still allowed recovery in excess of $50,000, each decision was based on an implicit finding that the defendant had waived the application of the rule.

¶ 17 Second, plaintiff had not shown good cause under Rule 9(d)(2) for counsel's failure to timely file the affidavit. Rather, counsel simply made a mistake, with no fault on the part of the clerk's office.

¶ 18 Plaintiff moved to reconsider and attached an affidavit from her counsel. She argued that there was good cause under Rule 9(d)(2) to disregard counsel's omission. Plaintiff admitted that her motion was not based on newly discovered evidence but on facts that her counsel was only now disclosing in his affidavit. In his affidavit, counsel stated as follows. In March 2021, he suffered two strokes in quick succession. As a result, he developed gaps in his working memory. He had "an increased tendency to forget to do tasks [that] had previously been routine." After obtaining the voluntary dismissal of the original complaint, he fell behind schedule in drafting the amended complaint. On June 26, 2024, at approximately 9 p.m., he uploaded the amended complaint but forgot to attach a Rule 222(b) affidavit.

¶ 19 After hearing arguments, the trial court denied the motion to reconsider. The court observed that the motion was improperly based solely on evidence that was not newly discovered.

¶ 20 Plaintiff timely appealed.

¶ 21                                    II. ANALYSIS

¶ 22 Plaintiff contends that the trial court erred in not deeming her amended complaint timely filed on June 26, 2024 (the date she submitted it). She alternatively contends that the court erred in not finding good cause for the untimely filing. She advances several reasons why it was improper for the circuit court clerk to reject the amended complaint merely because it did not attach a Rule 222(b) affidavit. *Amici curiae*, the Illinois Trial Lawyers Association and the Illinois Defense Counsel, have jointly filed a brief in support of plaintiff.

¶ 23    Defendant responds that the plain language of Rule 222(b) required plaintiff to attach the specified affidavit to her amended complaint, and, thus, the clerk properly rejected the submission. Defendant further contends that plaintiff failed to show good cause for the untimely filing.

¶ 24    A defendant may move under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)) to dismiss a complaint because the action was not commenced within the time limited by law. We review *de novo* a section 2-619(a)(5) dismissal. *Lee v. Naperville Community Unit School District 203*, 2015 IL App (2d) 150143, ¶ 3.

¶ 25    There is no dispute that the limitations period here was one year from the entry of the order that voluntarily dismissed the original complaint. See 735 ILCS 5/13-217 (West 1994). The issue here arose because, although plaintiff submitted her amended complaint on June 26, 2024 (within the limitations period), it was not *filed* until the circuit court clerk accepted it on June 28, 2024 (beyond the limitations period). "[A] document is not filed until it has the clerk's approval." *Kilpatrick*, 2023 IL App (2d) 230088, ¶ 24; *Matios v. Adams Steel Service & Supply, Inc.*, 2025 IL App (2d) 240300-U, ¶ 17. Therefore, plaintiff must show that the dismissal was improper even though the amended complaint was actually filed outside the limitations period.

¶ 26    Our resolution of this appeal turns on the construction of Rule 222 and, as we shall see, Rule 9. Because the construction of a supreme court rule raises purely questions of law, our review is *de novo*. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002); *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 551-52 (2007). The principles governing our construction of statutes also apply to the construction of supreme court rules. Ill. S. Ct. R. 2 (eff. Oct. 1, 2021); *Robidoux*, 201 Ill. 2d at 332. Our primary goal is to ascertain and effectuate the intention of the drafters. *Robidoux*, 201 Ill. 2d at 332; *People v. Jackson*, 2011 IL 110615, ¶ 12. Ordinarily, the best guide to the drafters' intent

is the language used, which should be given its plain and ordinary meaning. *Robidoux*, 201 Ill. 2d at 332.

¶ 27    We must construe our supreme court's rules "in accordance with the standards stated in section 1-106 of the Code." Ill. S. Ct. R. 2(a) (eff. Oct. 1, 2021). Section 1-106 of the Code (735 ILCS 5/1-106 (West 2022)) states, "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Further, we may consider the purpose and necessity for the rule, the evils to be remedied, and the goals to be achieved. See *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 280 (2003).

¶ 28    Plaintiff argues first that, because her amended complaint stated on its face that she sought more than $50,000 in damages, Rule 222(b)'s affidavit requirement did not apply at all. Plaintiff relies on *Dovalina*. We address *Dovalina* and then consider more broadly whether, based on the foregoing rules of construction, Rules 9 and 222 required that plaintiff submit a Rule 222(b) affidavit with her amended complaint.

¶ 29    We quote again the relevant portions of Rule 222:

> "(a) Applicability. This rule applies to all cases subject to mandatory arbitration, *civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs*, and to cases for the collection of taxes not in excess of $50,000. This rule does not apply to small claims, ordinance violations, actions brought pursuant to 750 ILCS (FAMILIES), and actions seeking equitable relief. Except as otherwise specifically provided by this rule, the general rules governing discovery procedures remain applicable to cases governed by this rule.
>
> (b) Affidavit re Damages Sought. Any civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages

sought does or does not exceed $50,000. If the damages sought do not exceed $50,000, this rule shall apply. Any judgment on such claim which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000. Any such affidavit may be amended or superseded prior to trial pursuant to leave of court for good cause shown, and only if it is clear that no party will suffer any prejudice as a result of such amendment." (Emphasis added.) Ill. S. Ct. R. 222(a), (b) (eff. Jan. 1, 2011).

¶ 30    In *Dovalina*, the plaintiff filed a personal injury complaint that prayed for damages in excess of $50,000 from each of the three defendants. *Dovalina*, 2013 IL App (1st) 103127, ¶ 3. The trial court entered a default judgment against Conley for well over $50,000. *Id.* Nearly three years later, Conley filed a petition under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)) to vacate or modify the judgment, contending that, because the plaintiff never attached a Rule 222(b) affidavit to his complaint, his recovery against Conley was limited to $50,000. *Dovalina*, 2013 IL App (1st) 103127, ¶ 5. The plaintiff responded that the petition should be denied as untimely. *Id.* ¶ 6. The trial court granted the petition, holding that timeliness was not at issue because the failure to attach the affidavit voided the grant of damages in excess of $50,000. *Id.* ¶ 7.

¶ 31    The plaintiff appealed, arguing in part that Rule 222 did not apply at all to the case because it was clear from the face of his complaint that he sought over $50,000 in damages. *Id.* ¶¶ 7, 14, 28. The court reversed. *Id.* ¶ 34. The court's analysis considered the text of the rule as well as the committee comments:

"The plain language of Rule 222(a) provides that the rule 'applies to *** civil actions seeking money damages not in excess of $50,000 exclusive of interest and costs.' [Citation.] Rule 222(a) clearly states that, where a civil action seeks an amount in excess of $50,000, *the rule does not apply*.

Further, committee comments to the rule explain that '[t]he limited and simplified discovery procedures are triggered by the filing of an appropriate affidavit as set forth in paragraph (b).' [Citation.] Rule 222(b) plainly provides that only '[i]f the damages sought do not exceed $50,000, this rule shall apply.' [Citation.] Necessarily, therefore, *if the damages sought exceed $50,000, the rule shall not apply*. Clearly*, the purpose of a Rule 222(b) affidavit is for the determination of whether the simplified discovery rules provided in Rule 222 apply in a particular case*.

Rule 222(b) provides that '[i]f the damages sought do not exceed $50,000, this rule shall apply. Any judgment on *such claim* which exceeds $50,000 shall be reduced posttrial to an amount not in excess of $50,000.' [Citation.] Read in context with the preceding sentence, 'such claim' means a claim in which 'the damages sought do not exceed $50,000,' *i.e.*, a claim in which the plaintiff has filed an affidavit stating that he is seeking less than $50,000 and application of Rule 222 has been triggered." (Emphases added and in original.) *Id.* ¶¶ 17-19.

¶ 32    The question in *Dovalina* was "whether, as [the] defendant assert[ed], '[i]f the plaintiff fails to file any affidavit whatsoever, the case is deemed to be a case that does not exceed $50,000 in damages and Supreme Court Rule 222(b) mandates that the damages shall be reduced to $50,000.' " *Id.* ¶ 19.

¶ 33    The *Dovalina* court saw no clear answer in the rule's text. The court ultimately resorted to the principle that "supreme court rules are to be construed liberally and not literally." *Id.* ¶ 26. The court "*grant[ed]* that Rule 222(b) requires that every plaintiff attach an affidavit to his original complaint stating whether the damages sought do or do not exceed $50,000." (Emphasis added.) *Id.* However, the court held that "a plaintiff's failure to attach the requisite affidavit does not mean

that he is barred from recovering a judgment in excess of $50,000." *Id.* The court denied Conley relief, reasoning that, because he was on notice from the outset that the plaintiff sought more than $50,000 in damages, he never had a reasonable expectation that the plaintiff would seek $50,000 or less, so as to trigger the simplified discovery procedures. *Id.* ¶¶ 27-28. Thus, he suffered no prejudice from the plaintiff's failure to attach a Rule 222(b) affidavit. *Id.* ¶¶ 28-29.[2]

¶ 34    Although, for the reasons stated below, *Dovalina* is factually distinguishable and does not govern here, we note that the *Dovalina* court was correct to observe Rule 222's inner tension. As pertinent here, paragraph (a) of the rule states, "*This rule* applies to *** civil actions seeking money damages not in excess of $50,000 ***." (Emphasis added.) Ill. S. Ct. R. 222(a) (eff. Jan. 1, 2011). Thus, there is a fair inference (as observed in *Dovalina*) that, where an action seeks more than $50,000, "*the rule* does not apply" (emphasis added) (*Dovalina*, 2013 IL App (1st) 103127, ¶ 17). That, by extension, could mean that *all parts of the rule*, including paragraph (b)—the affidavit requirement—do not apply. On the other hand, the mandate in paragraph (b)'s first sentence appears explicit and categorical: "*Any civil action seeking money damages* shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000." (Emphasis added.) Ill. S. Ct. R. 222(b) (eff. Jan. 1, 2011). Curiously, however, paragraph (b) then states, "*If* the damages sought do not exceed $50,000, this rule shall apply."

---

[2]Notably, the court then held that the appeal could have been resolved on a simple and clear basis independent of the foregoing detailed analysis. "Even if Rule 222 did apply to [the] plaintiff's case," the plaintiff's violation did not void any recovery in excess of $50,000, and, therefore, the judgment was "not subject to collateral attack under section 2-1401." *Dovalina*, 2013 IL App (1st) 103127, ¶¶ 30-31. Unless the original judgment was void, the action in *Dovalina* was time-barred. *Id.* ¶ 32; see 735 ILCS 5/2-1401(c), (f) (West 2010).

(Emphasis added.) *Id.* However, the committee comments, as quoted in *Dovalina*, appear to settle whether the affidavit must be included with any civil action seeking damages. "The limited and simplified discovery procedures are triggered by the filing of an appropriate affidavit as set forth in paragraph (b)." Ill. S. Ct. R. 222, Committee Comments (adopted June 1, 1995). The "triggering" role that the committee comments ascribe to the affidavit explains paragraph (b)'s requirement that the affidavit be included in any action seeking money damages. However, neither the text of the rule nor the committee comments settle whether the circuit court clerk may reject a complaint seeking money damages simply because it does not include a Rule 222(b) affidavit.

¶ 35    *Dovalina* does not control the issue here of the circuit court clerk's authority. *Dovalina* addressed primarily whether the absence of a Rule 222(b) affidavit prejudiced Conley, such that the plaintiff's damages should have been limited to $50,000. *Dovalina* did not address whether the failure to file a Rule 222 affidavit would have permitted the circuit court clerk to refuse to file the complaint in the first instance. In fact, the *Dovalina* court's interpretation of Rule 222's affidavit requirement seemed tentative; the court merely "*grant[ed]* that Rule 222(b) requires that every plaintiff attach an affidavit to his original complaint stating whether the damages sought do or do not exceed $50,000." (Emphasis added.) *Dovalina*, 2013 IL App (1st) 103127, ¶ 26. And the court did not lay down a *per se* rule; rather, in the court's view, the legal consequences of failing to attach a Rule 222(b) affidavit to the complaint depended on that failure's practical consequences to the defendant.

¶ 36    Moreover, *Dovalina* was decided before the advent of electronic filing of civil complaints, which is now mandatory in most cases. See Ill. S. Ct. R. 9(a) (eff. Feb. 1, 2024). As we shall see, electronic filing has raised a variety of new concerns, especially *vis-à-vis* the authority of circuit court clerks, that were simply unforeseen at the time of *Dovalina*.

¶ 37    What *Dovalina* does tend to show is the ambiguity of Rule 222, which has not been amended since *Dovalina* was issued. This ambiguity was evident when *Dovalina* was decided, and it is no less so in the present-day context of electronic filing. In construing Rule 222 and its interaction with Rule 9, we have recourse to the principles of construction set forth above. First, per Illinois Supreme Court Rule 2 (eff. Oct. 1, 2021) and section 1-106 of the Code (735 ILCS 5/1-106 (West 2022)), we must construe supreme court rules liberally to promote the resolution of controversies according to the substantive rights of the parties. Second, we must consider the purpose and necessity for the rule, the evils to be remedied, and the goals to be achieved. See *Sherman*, 203 Ill. 2d at 280.

¶ 38    The primary aim of Rule 222 is to provide simplified discovery and mandatory disclosure in a specified class of civil actions. *Kapsouris v. Rivera*, 319 Ill. App. 3d 844, 850 (2001). The role of the Rule 222(b) affidavit is to alert the trial court to the amount of damages requested and, hence, to the type of discovery procedure that will govern. But cases do not move so swiftly to the discovery stage that the aims of Rule 222 will be frustrated if the affidavit is not furnished at the very outset of the case. Indeed, at oral argument, counsel for defendant conceded that the late filing of the affidavit in this case did not prejudice his client. Thus, consideration of Rule 222's purpose, the evils to be remedied, and the goals to be achieved does not support the rejection of a complaint solely for the failure to attach a Rule 222(b) affidavit.

¶ 39    Of course, if the supreme court has plainly authorized circuit court clerks to refuse to file a complaint solely because it did not attach a Rule 222(b) affidavit, then we would have no choice but to affirm regardless of our interpretation of Rule 222. However, we have found no such authorization in Rule 9 or elsewhere.

¶ 40    When plaintiff submitted her complaint on June 26, 2024, Rule 9 did not provide any standards to guide circuit court clerks in deciding whether to accept or reject a filing. See Ill. S. Ct. R. 9 (eff. Feb. 1, 2024). On June 12, 2024, the supreme court amended Rule 9, effective September 1, 2024. See Ill. S. Ct. R. 9 (eff. Sept. 1, 2024). The amendment changed the former paragraph (f) to paragraph (g). The new language in the amended (f) stated:

> "(f) Rejections. Documents filed electronically may be rejected by the clerk as authorized by the Electronic Filing Rejection Standards for circuit courts and courts of review, as published on the illinoiscourts.gov website." Ill. S. Ct. R. 9(f) (eff. Sept. 1, 2024).

¶ 41    Although the amendment incorporating the *Electronic Filing Rejection Standards Circuit Courts*, Ill. Sup. Ct. (Sept. 1, 2024), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/44154505-ae47-43f5-ad2c-542ef24d39fc/Circuit_Court_eFiling_Rejection_Standards.pdf (last visited Feb. 19, 2026) [https://perma.cc/N92M-ZRK8] (Standards), was not made effective until after plaintiff submitted her complaint, the amendment was *adopted* several days before she submitted her complaint. Thus, we regard the amendment as evidence of the supreme court's intent to restrict a circuit court clerk's authority to reject a filing. See *McNulty v. Lapp Chiropractic, P.C.*, 2025 IL App (2d) 240429-U, ¶ 21. The Standards list numerous specific bases on which circuit court clerks are authorized to reject filings. Those bases are:

> (1) "Failure to pay correct fee, include waiver application, or file an appearance."
>
> (2) "Personal identity information or social security number not redacted."
>
> (3) "Document submitted as 'Confidential' (without a court order or basis in law)."
>
> (4) "Documents submitted to the wrong court (incorrect county/circuit/appellate district)."
>
> (5) "Incorrect case number/case caption (title)."
>
> (6) "Missing contact information for attorney or self-represented litigant."

(7) "Incorrect or missing court date on document."

(8) "Illegible, unreadable, or completely blank document."

(9) "Document is not 8.5 x 11."

(10) "Unflattened PDF."

(11) "Multiple documents submitted as one PDF."

(12) "Single document submitted as multiple PDFs."

(13) "Document submitted as an attachment when it should be a lead document."

(14) "Document submitted as an exhibit in a different transaction or envelope."

(15) "Documents for different cases submitted in the same envelope/transaction."

(16) "Missing required information in summons or notice."

(17) "Local rule requirement."

(18) "Filer's request."

(19) "Judge's request."

(20) "Rejection by clerk (see comments)."

(21) "File failed virus scan [NOT FOR CLERK USE]."

(22) "EFM System Error." Standards, *supra*.

Although most of these bases cite supreme court rules as legal authority, none mentions Rule 222. Only two bases arguably apply here.

¶ 42    The first of these is "Local rule requirement." Nineteenth Judicial Circuit Court Rule 2-2.09 (June 5, 2017) states: "A Plaintiff shall comply with the disclosure requirements of Supreme Court Rule 222 at the time the Complaint is filed, and each Defendant shall so comply within the time allotted by the Case Management Order." Defendant argues that, because the local rule tracks Rule 222(b)'s affidavit requirement, the failure to attach the affidavit with the complaint is a

violation of a "[l]ocal rule requirement." Although this argument is superficially appealing, it also appears to be a form of "bootstrapping" that would in effect allow the circuit court to go beyond the ambiguous intent behind Rule 222(b) and, merely by copying the rule, give it an effect that is otherwise unsupported by any policy reason for allowing the circuit court clerk to reject a complaint that lacks a Rule 222(b) affidavit. To avoid a possible conflict with the supreme court's intent, we adhere to the rule of liberal construction to promote resolving cases on their merits, and we decline to allow circuit courts to rewrite supreme court rules simply by adopting them in lockstep.

¶ 43    The second arguably applicable basis is "Rejection by clerk (see comments)." See Standards, *supra* ¶ 41. The comments read:

> "This reason should be used in rare circumstances only when none of the above specified reasons are applicable. Include a detailed rejection comment detailing the issue and how the error can be corrected." *Id.*

¶ 44    This guidance is necessarily vague, but it does imply that the standard is not really a "catch-all" but that its application is limited to circumstances in which there is a compelling need to reject the submitted filing. Of course, this reading of the standard also follows from the general principles of construction that guide our analysis. Here, as we noted, the purposes behind Rule 222 are not served by the rejection of an otherwise proper complaint solely because it does not attach an affidavit that may be filed later without prejudicing the defendant or impeding the trial process. Therefore, in line with the policy of narrow construction required both by general principles and the commentary accompanying the "Rejection by clerk" standard, we conclude that the standard does not support the rejection of the amended complaint here.

¶ 45 Because there is no proper basis on which the circuit court clerk could have rejected the otherwise sufficient and timely filed amended complaint, we hold that the trial court erred as a matter of law in denying plaintiff's Motion to Deem. Therefore, the amended complaint was filed timely, and the judgment granting defendant's motion to dismiss must be reversed. We need not reach plaintiff's second argument on appeal, which is based on a court's authority under Rule 9(d)(2) to excuse an untimely filing for good cause.

¶ 46 We briefly note one final matter. By a revision adopted and effective May 21, 2025, Rule 9(d) now provides that if a document is rejected "for any reason," (1) the "filing party may, within 5 court days of the notice of rejection," move the court to deem the document filed on the date of the failed submission (Ill. S. Ct. R. 9(d)(1)(A) (eff. May 21, 2025)) and (2) the trial court "shall grant" a timely motion that is in proper form (Ill. S. Ct. R. 9(d)(1)(B) (eff. May 21, 2025)). We recognize that this amendment postdated the proceedings at issue, and we decline to delve into whether the amendment might apply retroactively. However, we note that the supreme court's adoption of this saving provision is further recognition of the principle that its rules should favor the resolution of cases on their merits over the dismissal of cases because of nonprejudicial improprieties.

¶ 47                                    III. CONCLUSION

¶ 48 For the reasons stated, we reverse the judgment of the circuit court of Lake County, and we remand the cause.

¶ 49 Reversed and remanded.

*Skarbek v. Woodman's Food Market, Inc.*, **2026 IL App (2d) 250054**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 24-LA-468; the Hon. Luis A. Berrones, Judge, presiding. |
| **Attorneys for Appellant:** | Lynn D. Dowd, of Law Offices of Lynn D. Dowd, of Naperville, for appellant. |
| **Attorneys for Appellee:** | Adam S. Long and Darron M. Burke, of Barrick Switzer Long Balsley & Van Evera, LLP, of Rockford, for appellee. |
| *Amicus Curiae***:** | Donald Patrick Eckler, of Freeman Mathis & Gary, LLP, of Chicago, and Bruce Robert Pfaff, of Pfaff, Gill & Ports, Ltd., of Barrington Hills, for *amici curiae* Illinois Trial Lawyers' Association *et al*. |